**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EDNA CARDENAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 08-CV-459-KC** |
| | § | |
| **JANET NAPOLITANO, et al.,** | § | |
| | § | |
| **Defendants**. | § | |

**<u>ORDER</u>**

On this day, the Court considered "Defendants' Motion to Dismiss and/or for Summary Judgment in Response to Plaintiff's Petition for Writ of Mandamus" ("Defendants' Motion") (Doc. No. 16). Upon due consideration, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

**I.      BACKGROUND**

On December 5, 2009, Plaintiff Edna Cardenas[1] ("Cardenas") filed a "Petition for a Writ of Mandamus."[2] Pl.'s Pet. for a Writ of Mandamus ("Pl.'s Pet.") (Doc. No. 1). In her Petition, Cardenas claims that she filed an application for Permanent Residency with the U.S. Citizenship

---

[1]      Cardenas is a citizen of Mexico. Pl.'s Pet. ¶ 6.

[2]      The Court notes that writs of mandamus were abolished by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 81(b). However, "[r]elief previously available through [a writ of mandamus] may be obtained by appropriate action or motion . . . ." *Id.* As such, the Court will treat Cardenas's Petition as a complaint seeking injunctive relief, pursuant to 28 U.S.C. § 1361 ("Mandamus Act") and/or 5 U.S.C. § 701 *et seq.* ("Administrative Procedure Act").

and Immigration Services ("USCIS") in October 2007, and that Defendants Janet Napolitano,[3] Emilio T. Gonzalez and David Roark (collectively, "Defendants") have "willfully and unreasonably delayed the adjudication of, indeed, have refused to adjudicate" her application.  *Id.* ¶¶ 18, 21.  Cardenas motions the Court to compel the USCIS to adjudicate her application.  *Id.* ¶ 26.  In addition, she seeks "full recovery of all costs of litigation," along with "reasonable attorney's fees incurred as a result of Defendants' wrongful conduct."  *Id.*

Neither party disputes that Cardenas filed an application for Permanent Residence in October 2007, nor do the parties dispute that she had a lawful basis to adjust her status.  *Id.* ¶ 1; *see generally* Defs.' Mot.  The basis for Cardenas's adjustment of status was the approval of Form I-140, Immigrant Petition for Alien Worker, filed on behalf of Cardenas's husband, Jorge Luis Loya.  Pl.'s Pet. ¶ 16.  However, whereas Cardenas argues that her application "was filed with and remains within the jurisdiction of the Defendants, who have improperly withheld action on the Application to [her] detriment," *id.* ¶ 1, Defendants allege that Cardenas's application was "never properly filed."  Defs.' Mot. 1.

On January 11, 2010, Defendants filed a "Motion to Dismiss and/or Motion for Summary Judgment."  *Id.*  Cardenas has not filed a response to Defendants' Motion, and her time to do so has expired.  Therefore, the Court is limited to the pleadings filed as a matter of record, along with the applicable law, to evaluate Defendants' Motion.

---

[3]        Cardenas's Petition originally names Michael Chertoff ("Chertoff"), former Secretary for the United States Department of Homeland Security, as a Defendant.  Pl.'s Pet. for a Writ of Mandamus ("Pl.'s Pet.") (Doc. No. 1).  As Janet Napolitano has succeeded Chertoff as Secretary as of January 21, 2009, evidenced by subsequent filings in this case, the Court substitutes her in his stead.  *See* Pl.'s Mot. to Vacate Order of Dismissal for Want of Prosecution 1 (Doc. No. 7).

## II.    DISCUSSION

### A.    Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)*; Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

 Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555 (internal citation omitted).  Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Id.* at 570.  Nevertheless, "a well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Summary judgment, on the other hand, is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Ellison*, 85 F.3d at 189.

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). If the moving party meets its initial burden, the nonmoving party "must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant's burden may not be satisfied by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Warfield*, 436 F.3d at 557 (quoting *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004)). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

-4-

### B.       Defendants' Motion to Dismiss

Cardenas motions the Court to compel the adjudication of her application for adjustment of status under both the Mandamus Act (28 U.S.C. § 1361) and the Administrative Procedure Act ("APA") (5 U.S.C. § 701, *et seq*).  Pl.'s Pet. ¶ 10.

### 1.       Mandamus Act

Under the Mandamus Act, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  A petitioner "who seeks relief for immigration delays under the Mandamus Act and the APA must make essentially the same showing for both claims."  *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 829 (S.D. Tex. 2008). However, a petitioner can only seek relief under the Mandamus Act when there is no other remedy available to her.  *Id.*; *see also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004); *United States v. Denson*, 603 F.2d 1143, 1148 n.2 (5th Cir. 1979).  Because "[t]he APA provides a remedy for unlawfully delayed agency action[,] mandamus is not necessary for relief." *Sawan*, 589 F. Supp. 2d at 826; *see also Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 818 n.3 (N.D. Tex. 2007) (citing *Mt. Emmons Min. Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997) for the assertion that, although an action under the APA "is essentially in the nature of mandamus relief," "mandamus relief is precluded by the availability of relief under the APA because mandamus relief requires that there be no other adequate remedies").  Because there are other remedies available to Cardenas, namely a remedy under the APA, Defendants' Motion to Dismiss Cardenas's claim for relief under the Mandamus Act is **GRANTED**.

### 2.       Administrative Procedure Act ("APA")

Like the Mandamus Act, the Administrative Procedure Act ("APA") allows district courts to "compel agency action unlawfully withheld or unreasonably delayed . . . ." *See* 5 U.S.C. § 706(1). Although "[t]he APA does not provide an independent basis for subject-matter jurisdiction, [] a district court may have subject-matter jurisdiction over APA claims under the federal-question statute, 28 U.S.C. § 1331, which states that federal district courts 'have original jurisdiction of any civil actions arising under the Constitution, laws, or treaties of the United States.'" *Sawan*, 589 F. Supp. 2d at 829. To state a claim under the APA, Cardenas must demonstrate that (1) the USCIS has a clear duty to adjudicate her application for adjustment of status in a timely fashion; (2) she has a clear right to have her application adjudicated; and (3) she has no other adequate remedy available to her. *See Sawan*, 589 F. Supp. 2d at 829 (citing *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998)); *see also Garrido v. Mueller*, No. 3:07-CV-1502-G, 2008 WL 89631, at *3 (N.D. Tex. Jan. 8, 2008) (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002), *cert. denied*, 537 U.S. 1049 (2002)) ("Because compelling agency action is an extraordinary remedy regardless of the statute from which the remedy derives, relief is appropriate, and jurisdiction lies, only when the plaintiff can establish 'a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available.').

At the outset, the Court agrees with Defendants' assertion that agency decisions are entitled to a significant degree of judicial deference, Defs.' Mot. 5 (citing *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999)); however, the instant case does not involve review of the USCIS's decision to deny Cardenas lawful permanent residency. Rather, it involves review of the USCIS's failure to act upon her application. As such, the Court has explicit power to compel the

USCIS to adjudicate Cardenas's application if it finds that such adjudication is required and has

been unlawfully withheld or unreasonably delayed.  *See* 5 U.S.C. § 706(1); *see also Norton v. S.*

*Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004) ("[W]hen an agency is compelled by law to act

within a certain time period, but the manner of its action is left to the agency's discretion, a court

can compel the agency to act, but has no power to specify what the action must be."); *Iddir v.*

*INS*, 301 F.3d 492, 498 (7th Cir. 2002) (stating that the Immigration and Naturalization

Services's ("INS")[4] failure to adjudicate an application for adjustment of status does not qualify

as a "judgment" or a discretionary "decision or action" precluding judicial review); *Tang v.*

*Chertoff*, 493 F. Supp. 2d 148, 153-54 (D. Mass. 2007) ("Despite the care taken in the INA

[Immigration and Nationality Act] to specify the *substance* of an adjustment of status decision as

discretionary, [and therefore unreviewable by district courts], the *pacing* of such a decision is not

so specified.").

    The USCIS has a duty to adjudicate properly-filed applications for adjustment of status.

*See Sawan*, 589 F. Supp. 2d at 829 (citing *Sawad v. Frazier*, No. 07-1721, 2007 WL 2973833, at

*3-4 (D. Minn. Oct. 9, 2007) (holding that the USCIS has a duty to adjudicate adjustment of

status applications within a reasonable time)); *Garrido*, 2008 WL 89631, at *3 (citing

*Alsharqawi v. Gonzales*, No. 3:06-CV-1165-N, 2007 WL 1346667, at *3 (N.D. Tex. Mar. 14,

2007)) (stating that, "regardless of the ultimate decision, [the government has] a nondiscretionary

duty to act on [plaintiff's] application.").  Thus, while a district court may not order the USCIS to

---

[4]    The USCIS is the agency successor to the INS.  *See United States v. Posada Carriles*, 541 F.3d 344, 349 (5th Cir. 2008) (acknowledging same).

grant Cardenas's application for adjustment of status based on unreasonable delay, it may compel the agency to adjudicate her application. *See* 5 U.S.C. § 706(1).

Next, Cardenas must convince the Court that it is plausible that she possesses a clear right to have her application for adjustment of status adjudicated. *See Twombly*, 550 U.S. at 555. To demonstrate a clear right to relief, Cardenas's claim must support her assertion that the government failed to adjudicate her application within a reasonable time. *See Garrido*, 2008 WL 89631, at *3 (citing *Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999)). According to 8 U.S.C. § 1571(b), the processing of an immigration benefit application "should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b). Cardenas claims that she properly filed her application for adjustment of status in October 2007. Pl.'s Pet. ¶ 1. According to her Petition, Cardenas's application has been pending for approximately two and a half years. Pl.'s Pet. ¶ 1. The Court finds that this may qualify as "unreasonable delay" for purposes of stating a claim. *See Ahmadi*, 522 F. Supp. 2d at 821-22 ("Although [the factors pointed to by the government as justification for its delay] are significant considerations, they are insufficient to make a delay of more than two years reasonable as a matter of law."); *see also Goldschmidt v. U.S. Att'y. Gen.*, No. 3-07-CV-670-AH, 2007 WL 3033502, at *2 n.2 (N.D. Tex. Oct. 18, 2007) ("That which constitutes an unreasonable delay is fact intensive and must be determined on a case-by-case basis which may be addressed in a motion for summary judgment or in the context of an evidentiary hearing."). Thus, Cardenas has satisfied two of the three requirements needed to state a claim under the APA.

Lastly, the Court must be satisfied that Cardenas has no other adequate remedy available to her. *Sawan*, 589 F. Supp. 2d at 829. Although the INA "provides the steps required for an

applicant to obtain an adjustment of status, [it] provides no recourse to an applicant stuck in limbo due to a lengthy adjudication process." *Garrido*, 2008 WL 89631, at *3 (citing *Yu*, 36 F. Supp. 2d at 932. Accordingly, "[u]nder the APA, the only recourse is in the courts." *Id.* (citing 5 U.S.C. § 706(1)). As relief under the Mandamus Act is unavailable to her, the Court is satisfied that Cardenas has no other adequate means to attain her desired relief. Because Cardenas requests the timely adjudication of her application, she has properly stated a claim under the APA, and Defendants' Motion to Dismiss her APA claim is **DENIED**.

### C.    Defendants' Motion for Summary Judgment

In addition to their Motion to Dismiss, Defendants have filed a Motion for Summary Judgment based on the alleged inadequacy of Cardenas's claim. Defs.' Mot. 7-8. Defendants contend that Cardenas is not entitled to the injunctive relief she seeks. In support of their Motion, Defendants have provided the Court with a declaration by Genize X. Walker ("Walker"), Supervisory Immigration Services Officer at the Texas Service Center in Dallas, Texas. Def.'s Mot. Ex. 1 at 1-3 ("Walker Decl."). According to Walker, "USCIS properly rejected [Cardenas's application] on October 30, 2007[,] because no visa number was available" at that time. *Id.* ¶ 4. Walker notes that "visa categories have statutorily set numerical limits for each fiscal year," and that, in order to properly file for adjustment of status, "[a] visa number must be available at the time of filing" for permanent residency. *Id.* ¶ 5 (citing 8 U.S.C. § 1255(a)(3)). Because no visa number was available at the time that Cardenas filed her application, Defendants claim that her application was properly rejected. Def.'s Mot. 1.

As further support for their assertion, Defendants note that no alien number ("A number")

was assigned and no alien-file ("A-file") was created on Cardenas's behalf.[5]  *Id.*  Had Cardenas

properly filed her application for adjustment of status, she and her attorney "would have received

an I-485 receipt notice acknowledging the filing, and an A-File would have been created by

USCIS for [her] pursuant to the USCIS Records Operation Handbook."  Walker Decl. ¶ 9.

Defendants acknowledge that Cardenas made several attempts to file her application; however,

they claim that none of these attempts occurred when a visa number was available to process her

application.  Def.'s Mot. Ex. 1 at 4.

      To properly file an application for adjustment of status, an applicant must have an

immigrant visa "immediately available to him or her at the time the application is filed."  8

C.F.R. § 245.1(g)(1).

> An immigrant visa is considered available for accepting and processing the
> application Form I-485 is [sic] the preference category applicant has a priority
> date on the waiting list which is earlier than the date shown in the [Department of
> State Bureau of Consular Affairs Visa] Bulletin (or the Bulletin shows that
> numbers for visa applicants in his or her category are current).

*Id.*

      Cardenas became eligible for adjustment of status as a derivative beneficiary of her

husband's approved Form I-140.  Pl.'s Pet. ¶¶ 14-18.  Therefore, her priority date is the date on

which her husband's labor certification was accepted for processing.  *See id.* ¶¶ 14-18; 8 U.S.C. §

1153(d) (A spouse shall "be entitled to the same status, and the same order of consideration

provided in the respective subsection, if accompanying or following to join, the spouse . . . ."); 8

C.F.R. § 204.5 ("The priority date of any petition filed for classification under section 203(b) of

---

[5]      According to Defendants, Cardenas's attorney has confirmed
that she does not have an A number.  Def.'s Mot. 1 n.1.
However, Defendants' evidence indicates that an A number
was assigned to Cardenas in order to issue her a Border
Crossing Card.  *See id.* Ex. 4 at 3.

the Act which is accompanied by an individual labor certification from the Department of Labor shall be the date the request for certification was accepted for processing by any office within the employment service system of the Department of Labor.").  However, Cardenas has not provided the Court with either her priority date or the employment-based preference category into which she falls.

Cardenas bears the burden of proof on her claim.  *See Cheney*, 542 U.S. at 381; *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 18 (1983); *Newsome*, 301 F.3d at 231 (citing *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985)).  Accordingly, Defendants' summary judgment burden may be discharged by pointing out an absence of evidence to support Cardenas's claim.  *See Celotex Corp.*, 477 U.S. at 325.  Once Defendants have met their burden, Cardenas "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *See Little*, 37 F.3d at 1075; *see also Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999) ("When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial.").

As noted above, Defendants claim that there was no immigrant visa available for Cardenas at the time that she filed to adjust her status to that of a lawful permanent resident. Def.'s Mot. 1.  Cardenas has neither responded to Defendants' summary judgment argument, nor has she provided the Court with any evidence demonstrating that her application was properly filed (e.g., evidence that she possessed a current priority date as of the date of her filing, a copy of her adjustment of status application or a copy of the receipt notice for her Form I-485). Without any such evidence, it is impossible for the Court to determine whether an immigrant visa

was immediately available at the time that Cardenas filed for adjustment of status in October 2007.  *See* 8 C.F.R. §§ 204.5, 245.1(g)(1).  Because Cardenas has failed present any evidence that her application was able to be adjudicated when filed, her claim may not proceed.  *See Thomas*, 174 F.3d at 644; s*ee also Bian v. Clinton*, 3:08-CV-1651, 2009 WL 1514325, at * 4 (N.D. Tex. Jun. 1, 2009) (finding injunctive relief inappropriate because plaintiff failed to establish that an available immigrant visa existed when she filed her application for adjustment of status).  Cardenas has failed to meet her burden of presenting evidence that creates a genuine issue of material fact that she possessed a clear right to have her application adjudicated, and her claim is dismissed as a matter of law.

III.    **CONCLUSION**

For the foregoing reasons, Defendants' Motion (Doc. No. 16) is **GRANTED** in part and **DENIED** in part.  Defendants' Motion to Dismiss is **GRANTED** with respect to Cardenas's claims under the Mandamus Act (28 U.S.C. § 1361).  It is **DENIED** with respect to Cardenas's claims under the Administrative Procedure Act (5 U.S.C. § 701, *et seq*).  Defendants' Motion for Summary Judgment is **GRANTED**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** on this 15th  day of April, 2010.

_Kathleen Cardone_

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE